James K. **DEETZ** and Bonita L. **Deetz,**
Appellants (Plaintiffs Below),

v.

**NORTHERN INDIANA FUEL AND LIGHT COMPANY, INC., Appellee and Cross-Appellant (Defendant Below).**

No. 57A03–8902–CV–66.

Court of Appeals of Indiana, Third District.

Nov. 6, 1989.

David L. King, King and King, Kendallville, and Dennis F. McCrosson, Indianapolis, for appellants.

Thomas M. Moorhead, Baker & Daniels & Shoaff, Fort Wayne, for appellee and cross-appellant.

HOFFMAN, Judge.

Appellants James and Bonita Deetz appeal a summary judgment granted in favor of Northern Indiana Fuel and Light Company, Inc. (NIFALCO). The facts indicate that in October 1986 NIFALCO installed an underground gas pipeline within the right-of-way of a DeKalb County highway. On February 23, 1988, the Deetzes filed a complaint alleging that by installing the pipeline, NIFALCO inversely condemned the Deetzes' property abutting the DeKalb County highway. The Deetzes demanded compensation and damages for the appropriation of their property without their consent. On October 5, 1988, the trial court granted NIFALCO's motion for summary judgment.

The Deetzes contend that the trial court erred in granting summary judgment when NIFALCO failed to comply with IND. CODE § 8-1-23-3 (1988 Ed.) which reads:

"If any person shall desire to lay a pipe line, conduit or private drain, across or along any county highway of this state, such person shall first enter into a contract with the board of county commissioners in each county wherein it is desired to locate such pipe line, conduit or drain, which contract will obligate the owner thereof to restore the county highway to its original condition after the laying thereof and to reimburse the county for the use of such highway. In addition such person shall file with the board of county commissioners a surety bond, payable to the county, in a sum to be set by and to the approval of the board of county commissioners, conditioned upon the performance of such contract. No such contract shall give any person a permanent right or easement to use any county highway but such contract may give the right to use such highway so long as such pipe line, conduit or drain, does not interfere with the alteration, use, abandonment or public enjoyment of such county highway."

The trial court ruled that NIFALCO and the DeKalb County Board of Commissioners fulfilled the requirements of IND. CODE § 8-1-23-3. NIFALCO and the Board of Commissioners signed a document designated "APPLICATION FOR CONSTRUCTION PERMIT ON DEKALB COUNTY RIGHT OF WAY." The trial court concluded that the application satisfied the contract and surety requirements of IND.CODE § 8-1-23-3. The application reads in part:

"I (We) hereby apply for a permit to: Install a 10″ Gas Main along the east side of County Line Road from the North County Line to South of County Road 8. This would include crossing County Roads 2, 4 and 8 with a minimum of 4 feet. See Plan and Profile for road crossing details.

Said work to be done: Between September 22, 1986 and January 1, 1987.

If said permit is granted to perform certain construction work along the highway right-of-way as described above WE: NORTHERN INDIANA FUEL AND LIGHT COMPANY, INC. shall pay any

and all damages assessed to the Board of Commissioners of Dekalb Co. or any person or corporation by reason of said construction, saving and keeping at all times the Board of Commissioners of Dekalb Co. or any person or corporation, free and harmless from any and all claims and damages resulting from said construction work.

APPLICANT: Northern Indiana Fuel & Light Co., Inc."

*Fox et al. v. Ohio Valley Gas Corp. et al.* (1968), 250 Ind. 111, 235 N.E.2d 168, ruled that a public utility authorized to transmit gas through a pipeline for public use may construct and lay such pipeline in the public highway without the consent of the abutting landowners who claim that such use is an additional burden and servitude to the fee which is subject to the easement for highway purposes.

 NIFALCO did not need the Deetzes' consent to install the pipeline in the county's right-of-way. The DeKalb County Board of Commissioners controlled the highway's right-of-way since 1861. NIFALCO installed the pipeline entirely within the highway's right-of-way. The Deetzes' property was not inversely condemned because their property was not taken. IND.CODE § 8–1–23–3 does not create a third-party beneficiary contract or a cause of action for abutting landowners when the statute is not strictly followed.

The Deetzes did not suffer any legal damages resulting from NIFALCO's installation of a gas pipeline within the county highway's right-of-way. There were no genuine issues of material fact and NIFALCO was entitled to summary judgment as a matter of law.

NIFALCO requests an award of attorney's fees, but there is no basis for such an award.

Affirmed.

GARRARD, P.J., and BAKER, J., concur.